NUMBER 13-04-355-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

SAUL ALANIZ CANTU,                                             Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 92nd District Court

                           of
Hidalgo County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Saul
Alaniz Cantu, was charged with Driving While Intoxicated (DWI), a third-degree
felony.  The trial court denied
appellant's motion to suppress; a motion filed, in part, on the basis that the
stop of his vehicle was made without probable cause.  Appellant pleaded guilty, and the trial court
sentenced him to three years in the Institutional Division of the Texas
Department of Corrections and assessed a $1,000.00 fine.  The trial court has certified that this case
"[i]s a plea bargain case, but matters were raised by written motion filed
and ruled on before trial and not withdrawn or waived, and the defendant has
the right of appeal."  See Tex. R. App. P. 25.2(a)(2)(A).  By one issue, appellant contends the trial
court erred in denying his motion to suppress. 
We affirm.

I.  Facts

All issues of law
presented by this case are well settled, and the parties are familiar with the
facts.  Therefore, we will not recite the
law or the facts in this memorandum opinion, except as necessary to advise the
parties of the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Motion to Suppress

By his sole
issue, appellant asserts that because the arresting officer had no probable cause to
"go further once he was apprised of the reason [appellant] was traveling
on the improved shoulder," the trial court erred in denying his motion to
suppress.

A.  Standard of Review








A trial court's denial of a motion to suppress alleging a lack of
probable cause, as in this case, is typically reviewed under a bifurcated
standard of review combining the first and third categories of Guzman.  See State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000) (citing Guzman v. State, 955 S.W.2d 85, 88-89
(Tex. Crim. App. 1997) (en banc)). 
Almost total deference is given to the trial court's express or implied
determination of historical fact,[1]
and we review de novo the court's application of the law of search and
seizure to those facts.[2]  Id. (citing Carmouche v. State,
10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman, 955 S.W. 2d at 89).

B.  Analysis

Appellant concedes probable cause existed for the initial stop.  See Walter v. State, 28 S.W.3d 538,
542 (Tex. Crim. App. 2000) (concluding a police officer may lawfully stop a
motorist who commits a traffic violation); see also Tex. Transp. Code Ann. ' 545.058 (Vernon 1999)
(articulating traffic offense of driving on the improved shoulder of a
highway).  However, appellant contends
that once Trooper Martin Arteaga, Jr., the arresting officer, was informed that
appellant was traveling on the improved shoulder because he had a flat tire, he
had no probable cause to go further in his investigation.








The reasonableness of the investigative detention must be evaluated in
objective terms by examining the totality of the circumstances.  Kothe v. State, 152 S.W.3d 54, 63
(Tex. Crim. App. 2004) (citing Florida v. Royer, 460 U.S. 491, 500
(1983)); see Terry v. Ohio, 392 U.S. 1, 19-21 (articulating Fourth
Amendment "reasonableness" analysis for traffic stop
investigation).  In examining
reasonableness under the Fourth Amendment, bright‑line rules are avoided;
instead, the emphasis is on the fact‑specific nature of the inquiry.  Kothe, 152 S.W.3d at 63 (citing Ohio v.
Robinette, 519 U.S. 33, 39 (1996)).

At the hearing on appellant's motion to suppress, Trooper Arteaga
testified that after stopping appellant for driving on the improved shoulder of
the road, inspecting the vehicle, and determining that appellant's tire was
flat, he asked appellant for his license. 
See id. (explaining that the license and warrants check is an
additional component to a routine traffic stop).  Trooper Arteaga further testified that when
he asked appellant for his license, he "detected the odor of alcohol."  At that point, Trooper Arteaga continued his
investigation by conducting a field sobriety test which appellant failed.  Appellant also told Trooper Arteaga he had
last eaten at 4:00 p.m. and had consumed the last of three to four beers at
1:00 a.m.  Trouper Arteaga stopped
appellant at 1:29 a.m.  Appellant was
later arrested for DWI.








Examining the totality of the circumstances, we cannot conclude that
Trooper Arteaga's conduct exceeded that associated with a routine traffic stop
to investigate driving on the improved shoulder of a highway.  Kothe, 152 S.W.3d at 63.  Therefore, based on the fact‑specific
nature of the inquiry, see id., and giving almost total deference to the
trial court's implied determination of historical facts, see Guzman, 32
S.W.3d at 856, we conclude the officer had probable cause to continue the
investigation of the traffic stop and arrest appellant.  See id.  The trial court did not abuse its discretion
in denying appellant's motion to suppress. 
Appellant's sole issue is overruled.

III.  Conclusion

Accordingly, we affirm the judgment of the trial court.                                                                                     

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.2(b).

 

Memorandum Opinion
delivered and 

filed this 4th day of
August, 2005.

 











[1]Because the trial court is the sole
trier of fact and judge of the credibility of the witnesses and the weight to
be given their testimony at a motion to suppress hearing, the criminal court of
appeals has noted the following:

 

[E]ven if there is only the
testimony of the officer, which adds up to probable cause if believed, and the
trial court denies the motion without express findings of fact, there will be
two implied fact findings:  the officer's
testimony was credible and the facts are as the officer testified.

 

State v. Ross, 32 S.W.3d 853, 855 & 856 n.22
(Tex. Crim. App. 2000) (citing State v. Ballard, 987 S.W.2d 889, 891
(Tex. Crim. App. 1999) and Guzman v. State, 955 S.W.2d 85, 88 n.3 &
90-91 (Tex. Crim. App. 1997) (en banc)).





[2]The court of criminal appeals
applies the second category of Guzman, "almost total
deference," when the trial court grants a motion to suppress without explanation
after hearing only testimony of the arresting officer (which, if believed,
would have added up to probable cause).  See
Ross, 32 S.W.3d at 857.